UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| YEYLIN C.R., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, U.S. Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, IMMIGRATION AND CUSTOMS ENFORCEMENT, DAREN K. MARGOLIN, Director, Executive Office for Immigration Review, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement. <br><br> Respondents. | Case No. 26-CV-296 (NEB/LIB) <br><br><br> ORDER |

This matter is before the Court on Petitioner Yeylin C.R.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Yeylin C.R. is a citizen of Nicaragua who has lived in the United States since November 16, 2022, when she entered the country without inspection. (*Id.* ¶¶ 37–38.) The record before the Court does not reflect that Yeylin C.R. has a criminal record.

On January 14, 2026, Immigration and Customs Enforcement ("ICE") took Yeylin C.R. into custody—without a warrant. (*Id.* ¶¶ 45–46.) Afterwards, Yeylin C.R. filed this habeas action challenging her detention under 28 U.S.C. § 2241.

Yeylin C.R. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those others, Yeylin C.R. argues she has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). (Pet. ¶¶ 59, 82.) Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because she has been living in the United States since she entered the country over three years ago, Yeylin C.R. asserts that Section 1226, rather than Section 1225, applies. (Pet. ¶¶ 38, 59, 82.) She therefore argues that she is entitled to a bond hearing and that her detention under Section 1225(b)(2) violates the Fifth Amendment, INA and its implementing regulations, and the Administrative Procedure Act. (*Id.* ¶¶ 81–111.)

As Respondents recognize, the Court has already concluded that petitioners similarly situated to Yeylin C.R. are entitled to a bond hearing under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025).

2

Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Yeylin C.R. while she was entering the United States. Instead, she was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents effectively concede that the Court's decision in *R.E.* controls Yeylin C.R.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*,

No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (ECF No. 4.) The Court is not persuaded by the minority viewpoint; it has already considered and rejected the minority position.[1]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Yeylin C.R. requests immediate release. (Pet. ¶ 3.) Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Yeylin C.R. asserts that her arrest was warrantless. (Pet. ¶ 46.) The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Yeylin C.R.'s detention in light of issues raised by the habeas petition. (ECF No. 3.) Respondents did not submit a warrant to support Yeylin C.R.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Yeylin C.R.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D.

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Yeylin C.R.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a.  DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b.  ORDERS that Respondents must release Petitioner from custody in Minnesota immediately;

    c.  ORDERS that, within **two days**, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

    d.  ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has

already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

| | |
|---|---|
| Dated: January 20, 2026 | BY THE COURT: |
| Time: 11:37 a.m. | s/Nancy E. Brasel |
| | Nancy E. Brasel |
| | United States District Judge |